# Richmond

OURS PROPERTIES, INCORPORATED v. RALPH LEY.

March 11, 1957.

Record No. 4629.

Present, All the Justices.

The opinion states the case.

*William H. Hansbarger* (*Lytton H. Gibson, Burch Millsap* and *Gibson & Hix,* on brief), for the plaintiff in error.

*William M. Baskin,* for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

This case involves the validity of a zoning ordinance of the City of Falls Church. Ours Properties, Incorporated, hereinafter referred to as petitioner, is the owner of certain land located within an area of that city classified under its zoning ordinance as, "M-1 Light Industrial Districts-Uses Permitted." We are concerned only with the following extract from that ordinance:

"Sec. 22-41. M-1 Light Industrial Districts-Uses Permitted.

"In M-1 light industrial districts the following uses are permitted:

"(1) All uses permitted in a C-2 district, except that no residential use shall be established in an M-1 district.

"(2) Stores for the conduct of any wholesale business.

"(3) Launderies, cleaning and dyeing plants, bottling works, milk depots, bakeries, building material and lumber yards, planing mills, feed and fuel yards, warehouses *and any other industrial establishment for which satisfactory evidence is presented that such establishment will not adversely affect any contiguous district through the dissemination of smoke, fumes, dust, odor, or noise or by reason of vibration and that such establishment will not result in any unusual danger of fire or explosion.* (Emphasis added.)

"In the event that the building inspector is in doubt as to whether the foregoing conditions are satisfied, he shall submit the matter to the planning commission for a determination.

"(4) Commercial kennels, animal hospitals, stables, nurseries and greenhouses.

"(5) Railroad and truck depots, public utility service yards and similar uses."

In the fall of 1955, petitioner applied to Ralph Ley, Building Inspector of the City of Falls Church, the person charged by the zoning ordinance with the duty of issuing building permits, for a building permit, in accordance with plans prepared for the erection of an asphalt plant on petitioner's land. On January 9, 1956, the building inspector refused to issue the permit, and thereafter referred the request therefor to the planning commission of the city. He reported that his investigation left him in doubt as to whether an asphalt plant should be built in the area concerned. The planning commission placed the question on its agenda for a public hearing, to be held on February 6, 1956.

On January 12, 1956, petitioner applied to the Circuit Court of Fairfax County for a preemptory writ of mandamus directing the building inspector to issue the permit. The circuit court, on January

25, 1956, after a hearing on the constitutionality of the ordinance, took the matter under advisement until after the scheduled public hearing before the planning commission had been held. On February 6, 1956, the planning commission, at the conclusion of a public hearing, where a number of witnesses testified, adopted a resolution recommending that the building inspector deny the permit on the ground "that it did not feel that satisfactory evidence had been presented indicating that such establishment (an asphalt plant) will not adversely affect any contiguous district through the dissemination of smoke, fumes, dust, odor, or noise." On February 12, 1956, the building inspector again refused to issue the requested permit.

On March 8, 1956, after a further hearing on the merits, the circuit court entered an order denying petitioner's application for the writ of mandamus. We granted this appeal.

Specifically, petitioner contended in the lower court, and contends here, that the underscored provisions of the above section of the zoning ordinance constitute an unlawful delegation of legislative power to an administrative officer, and confer arbitrary and despotic power on the building inspector, in violation of due process of law and of the Fourteenth Amendment of the United States Constitution. It further challenges the same provisions as being void for vagueness, that is, in failing to provide clear and precise standards for the guidance of the building inspector in the granting or denial of building permits. On a review of the law applicable thereto, we are of opinion that each contention is without merit.

It is not denied that the City of Falls Church has, under its police power, authority to enact a zoning ordinance. Our inquiry is not whether the type of business which petitioner proposes to carry on in its building will "adversely affect any contiguous district through the dissemination of smoke, fumes, dust, odor, or noise;" but is limited to a consideration of the narrow questions of whether or not the duty imposed upon the building inspector was an unlawful delegation of a legislative function, and whether or not the requirement that "satisfactory evidence" must be presented to show the proposed industrial establishment would not endanger the community is so vague and indefinite as to furnish no reasonable standard of conduct to guide the building inspector in the performance of his duties.

In dealing with the ordinance in question, it should be remembered that it must be presumed to be valid, and that unless void on its face, the burden of showing its invalidity is upon the challenger. It is

also to be presumed that public officials will discharge their duties honestly and in accordance with law. Should an official act arbitrarily or dishonestly, where protection is afforded by appeal and by review in the courts, as in this case, the requirements of procedural due process are satisfied. Unless we are certain that the ordinance is so plainly and palpably inadequate as to offend the Constitution, we must uphold it.

The subject of zoning regulations has been litigated so extensively that many of the basic questions may be considered as settled. Provisions of such general nature as in § 22-41 are not uncommon; but are usual in setting out the uses to which property in industrial zones may be restricted. Yokley, Zoning Law, § 46, pp. 65-66.

The modern tendency of the courts is liberal in upholding ordinances of this character, in order to facilitate their proper administration. Considerable freedom to exercise discretion and judgment must, of necessity, be accorded to officials in charge of administering such ordinances. A legislative body, such as a city council, must work through some instrumentality or agency to perform its duties, since it does not sit continuously. Under the changing circumstances and conditions of life, it is frequently necessary that power be delegated to an agent to determine some fact or state of things upon which the legislative body may make laws operative. Otherwise, the wheels of government would cease to operate. Of course, the discretion and standards prescribed for guidance must be as reasonably precise as the subject matter requires or permits.

It would be next to impossible to designate in minute detail the various types and character of business which might or might not be permissive or offensive in certain areas, and it is necessary that the determination of such facts must be left to the honest judgment of some designated official or board. In Virginia, we have repeatedly held that an administrative officer or bureau may be invested with the power to ascertain and determine whether the qualifications, facts or conditions comprehended in and required by the general terms of a law, exist in the performance of their duties, and especially when the performance of their duties is necessary for the safety and welfare of the public. *Taylor v. Smith*, 140 Va. 217, 231, 124 S. E. 259; *Thompson v. Smith*, 155 Va. 367, 154 S. E. 579, 71 A. L. R. 604; and *Southern Railway v. Com.*, 159 Va. 779, 167 S. E. 578.*

*This case was reversed in a divided opinion of the Supreme Court on account of the failure of statute involved to provide for giving a proper notice to landowner, 290 U. S. 190, 78 L. Ed. 260, 54 S. Ct. 148.

Although there is some conflict among the decisions, a majority of the courts hold that considerable freedom to exercise discretion and judgment must be accorded officials in charge under a zoning ordinance, and that the courts should be liberal in upholding such ordinances in order to facilitate their proper administration. *Walls* v. *City of Guntersville*, 253 Ala. 480, 45 So. 2d 468; *Pressman* v. *Barnes*, 209 Md. 544, 121 A. 2d 816; *American Baseball Club of Philadelphia* v. *City of Philadelphia*, 312 Pa. 311, 167 A. 891, 92 A. L. R. 386. For a collection of many cases on this subject, see Annotations 12 A. L. R. 1435; 54 A. L. R. 1115; and 92 A. L. R. 400.

We adhere to what we said in *Thompson* v. *Smith, supra,* 155 Va. at page 381:

"Mere matters of detail within the policy, and the legal principles and standards established by the statute or ordinance, may properly be left to administrative discretion, for the determination of such matters of detail is more essentially ministerial than legislative. In declaring the policy of the law and fixing the legal principles and standards which are to control in the administration of the law, general terms, which get precision from the technical knowledge or sense and experience of men and thereby become reasonably certain, may be used; and an administrative officer or bureau may be invested with the power to ascertain and determine whether the qualifications, facts or conditions comprehended in and required by such general terms exist, and whether the provisions of the law so fixed and declared have been complied with in accordance with the generally accepted meaning of the words."

See also 37 Am. Jur., Municipal Corporations, § 160, pages 780, 781; 62 C. J. S., Municipal Corporations, § 226 (6) b, pages 433, 434, and § 227 (3) e, pages 507 *et seq.;* Metzenbaum, Law of Zoning, page 296.

The provisions of the ordinance here in question merely delegate power authorizing the building inspector to ascertain facts to which the legislation is directed, and to put into effect the features controlled by the ascertained facts. A delegation of the power to exercise a discretion based upon a finding of facts is not of itself an arbitrary or capricious delegation. *Stuart's Ex'ors* v. *Sinking Fund Commissioners*, 123 Va. 224, 96 S. E. 239; *Taylor* v. *Smith, supra; Thompson* v. *Smith, supra.*

The next question is whether or not the ordinance prescribed sufficient standards to guide the building inspector.

"Satisfactory evidence" means evidence which "frees from doubt, suspense, or uncertainty; gives assurance to; sets at rest the mind; * * *." Webster's New International Dictionary, Second Edition; *United Dentists* v. *Com.*, 162 Va. 347, 357, 173 S. E. 508.

The terms "will not adversely affect any contiguous district through the dissemination of smoke, fumes, dust, odor or noise" do not constitute unusual or ambiguous language. They have a well understood meaning, and are intended to protect the public welfare, and to furnish a pattern of conduct to guide a conscientious official in the performance of his duties under the ordinance. Should the official act arbitrarily or dishonestly, full protection, by appeal to the planning commission and then by review in the courts, is accorded any aggrieved party, and the requirements of procedural due process are thereby satisfied.

In the instant case, the ordinance merely conferred administrative functions upon the agent charged with the duty of carrying out the will and direction of the legislative body; the legislative purpose was disclosed by the enactment of the ordinance; and, as far as was reasonably practical, the ordinance left to the official charged to act under it merely the discretion of determining whether a given status came within the provisions thereof.

For the reasons stated, we hold the section of the ordinance in question valid against the challenge made against it. The order appealed from is affirmed.

*Affirmed.*