[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is an appeal, pursuant to General Statutes Section8-28, of the action of the City Plan Commission of the City of Waterbury approving a subdivision application of Vincent B. LoRusso, Sr. and Bartholomew LoRusso, Jr. The subdivision application was filed October 19, 1988 (Respondent's Exhibit A), seeking a thirty lot subdivision. The City Plan Commission approved the subdivision conditionally at its regularly scheduled meeting held on November 14, 1988. Notice of the City Plan Commission's decision was published on November 22, 1988. (Respondent's Exhibit F). The appellant, Laurine H. Ghent, filed this appeal on December 5, 1988, serving the City Clerk on December 7, 1988. The subdivision applicants intervened in this action as a matter of right, pursuant to General Statutes Section 8-28 (b).
The appellant, Laurine H. Ghent, is the owner of property which abuts the proposed subdivision. She is thus statutorily aggrieved, see General Statutes Section 8-8. The appellant met her burden of proof on the issue of aggrievement; London v. Planning Zoning Commission, 149 Conn. 282, 284 (1963); Whitney Theater Co. v. Zoning Board of Appeals, 150 Conn. 285, 287 (1963). The court thus has subject matter jurisdiction over this appeal; Hughes v. Town Planning Zoning Commission, 156 Conn. 505, 507 (1968); Bakelaar v. West Haven, 193 Conn. 59, 65 (1984).
The primary function of a planning commission is to review subdivision applications; and when it engages in such review, it is acting in an administrative capacity. Beach v. Planning Zoning Commission, 141 Conn. 79, 84 (1954); Westport v. Norwalk, 167 Conn. 151,155 (1974); RK Development Corporation v. Norwalk, 156 Conn. 369,376 (1968). CT Page 1434
"In passing upon a plan, its action is controlled by the regulations adopted for its guidance. It has no discretion or choice but to approve a subdivision which conforms to the regulations." Langbein v. Planning Board, 145 Conn. 674, 679 (1958); Forest Construction Co. v. Planning Zoning Commission, 155 Conn. 669, 674
(1967).
If a subdivision application does not conform with the subdivision regulations, the planning commission should disapprove it. South East Prop. Owners Residents Assn. v. City Plan Commission, 156 Conn. 587, 591-92 (1968); Forest Construction Co. v. Planning Zoning Commission, supra, 675; Westport v. Norwalk, supra, 157-58; Gagnon v. Municipal Planning Commission, 10 Conn. App. 54, 57
(1987); Reed v. Planning Zoning Commission, 12 Conn. App. 153, 156
(1987), affirmed 208 Conn. 431, 433 (1988).
The subdivision at issue includes a dead end or cul de sac street with a length of 1,295.65 feet. The subdivision regulations provide in pertinent part:
"Section 5.6 — Dead-End Streets
 Dead-end streets will be approved by the Commission only when the Commission feels that the extension of the street is impractical.
 Streets designed to have one end permanently closed shall not exceed 750 feet in length and shall provide in each case a turnaround roadway with a minimum radius of 40 feet to the street line. Dead-end streets longer than 750 feet are not permitted unless prior approval is given by the City Plan Commission.
The respondent Planning Commission simultaneously approved the dead end road in excess of 750 feet and conditionally approved the subdivision. Such procedure could not satisfy the requirement of Section 5.6 requiring prior approval or waiver regarding a dead end road greater than 750 feet.
Whether such procedural defect was fatal to the application need not be resolved, because of the court's determination that the respondent Planning Commission was without authority to grant a waiver as to the maximum dead end road length.
The test of a permissible subdivision regulation is whether the criteria contained in the commission's regulations are as reasonably precise as the subject matter requires and are reasonably adequate and sufficient to guide the commission and enable those affected to know their rights and obligations. American Power Light Co. v. CT Page 1435 Securities Exchange Commission, 329 U.S. 90, 105, 67 S.Ct. 133,91 L.Ed. 103; Ours Properties, Inc. v. Ley, 198 Va. 848, 851,96 S.E.2d 754, 1 Am. Jur.2d, Administrative Law, Section 118; and Sonn. v. Planning Commission, 172 Conn. 156, 159 (1976).
The City of Waterbury Land Subdivision Regulation, Section 8.2 provides: "Waivers may be granted in accordance with Section 8-26 of Connecticut General Statutes."
Connecticut General Statutes provides as to waivers: "Such regulations may contain provisions whereby the commission may waive certain requirements under the regulations by a three quarters vote of all of the members of the commission in cases where conditions exist which affect the subject land and are not generally applicable to other land in the area, provided that the regulations shall specify the conditions under which a waiver may be considered and shall provide that no waiver shall be granted that would have a significant adverse effect on the adjacent property or on the public health and safety. The commission shall state upon the record the reasons for which a waiver is granted in each case." Section 8-26
General Statutes.
The Waterbury Land Subdivision regulations are totally void of standards to measure the conditions under which a waiver of the dead end road length limitation would be appropriate. Nothing in the regulations instructs interested parties as to the obligations concerning such a waiver.
The regulations also lack the statutorily required mandate as to a finding that a waiver has no significant adverse effect on adjacent property or public health and safety.
The actions of the Planning Commission in the instant case also fail to meet the statutory mandate for an articulation of the reasons for the waiver.
The Commission and developers argue that Section 5.6 permits dead end streets in excess of 750 feet, if approved by the Commission, and that no waiver procedure is involved. Such construction is not supported by a fair reading of Section 5.6. The language used, ". . . shall not exceed 750 feet in length. . ." and repeated, "[d]ead-end streets longer than 750 feet are not permitted. . ., reflects a fixed standard concerning a dead end street in a subdivision.
"The subdivision regulations upon which the commission, acting administratively, should rule must contain known and fixed standards applying to all cases of a like nature, and must conform to the principle that a regulation like a statute, cannot be too general in its terms", Aunt Hack Ridge Estates, Inc. v. Planning Commission, 160 Conn. 109, CT Page 1436 113, 116, 273 A.2d 880 (1970).
In administering subdivision regulations, the planning authority applies the existing regulations to the applicant's plan. It does not have unbridled authority to waive requirements at its discretion.
The respondent and developers argue that denying the subdivision would amount to an impermissible, unconstitutional taking of property. There was, however, no evidence presented which would suggest that requiring conformity with existing subdivision regulations would prevent use or development.
ORDER
The appeal is sustained and the Planning Commission is ordered to reverse its decision and deny approval to the subdivision application which was the subject of this appeal.
McWEENY, JUDGE