## CIRCUIT COURT OF FAIRFAX COUNTY

David J. Gladstone
and Lorna J. Gladstone

v.

Fairfax County
Board of Supervisors
and Margaret P. Skallerup

January 11, 1996

Case No. (Chancery) 135917

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before the Court for trial on October 31 and November 1, 1995. At the conclusion of trial, counsel requested an opportunity to provide additional memoranda, and I took the matter under advisement. Having considered the evidence at trial and the memoranda of counsel, I now find in favor of the defendants and dismiss the complainants' petition for the reasons stated below.

Complainants, David J. and Lorna J. Gladstone, challenge a decision of the Board of Supervisors of Fairfax County, Virginia, granting Defendant Margaret P. Skallerup a waiver of public street frontage requirements under § 101-2-2 of the Fairfax County Code. Section 101-2-2 of the Fairfax County Code ("the Subdivision Ordinance") was enacted June 28, 1993. It allows the Board to grant a waiver of required public street frontage under certain circumstances, provided that (1) the requirements of the Subdivision Ordinance pose an unusual hardship not generally shared by other landowners, and (2) the waiver will result in a lot or lots that will be harmonious with and will not adversely affect neighboring properties.

Complainants assert that the Subdivision Ordinance does not pose an unusual hardship for Skallerup, that any hardship it imposes is generally shared by other landowners, and that the waiver will not be harmonious with and will adversely affect neighboring properties. The Fairfax County Planning Commission recommended approval of the waiver application,

subject to specific conditions. On July 25, 1994, the Board approved the waiver, subject to those same conditions.

The vote of the Board on the waiver application was a legislative act. As such it is presumed to be valid and not arbitrary, capricious, or unreasonable. *Board of Supervisors of Fairfax County v. Southland Corp.*, 224 Va. 514, 522 (1982). The Board does not have to prove the reasonableness of its actions by a preponderance of the evidence in this proceeding. Rather, if the evidence shows that the reasonableness of the action taken by the Board was fairly debatable, the Board's decision must be upheld. *Southland*, 224 Va. at 523. Even if the Board's vote was an administrative rather than a legislative action, the "fairly debatable" standard still applies. *Ames v. Town of Painter*, 239 Va. 343, 348 (1990).

Because of prior discovery orders entered in this matter, the Gladstones' presentation of documentary evidence at trial was limited to documents previously part of the public record in this matter and documents otherwise previously produced. The Gladstones also were prohibited from calling expert witnesses at trial, although certain expert witness reports already part of the public record were admitted.

Assuming without deciding that the evidence presented by the Gladstones was sufficient to rebut the presumption of reasonableness of the Board's decision and to shift to the defendants the burden to produce evidence of reasonableness, I find that the evidence presented makes the reasonableness of the Board's decision fairly debatable. I also reject the Gladstones' assertion that the Board (whether as a whole or each member individually) must specifically state in its vote and resolution that it finds that the requirements of the Subdivision Ordinance pose an unusual hardship to Skallerup not generally shared by other landowners and that the waiver will result in a lot or lots harmonious with and not adversely affecting neighboring properties. Reviews of the transcript and the tape of the Board hearing on July 25, 1994, make it clear that those are the precise issues debated by the Board at length prior to its vote. Indeed, they form much of the rationale stated by members of the Board who voted for as well as those voting against the waiver.

It is true that:

> the "fairly debatable" standard cannot be established by a silent record. Unless the Board makes appropriate findings, supported by the record, or states appropriate conclusions supported by the record, or unless the record itself, taken as a whole, suffices to render the issue fairly debatable, probative evidence of unrea-

sonableness adduced by a litigant attacking the Board's action will be deemed unrefuted.

*Ames*, 239 Va. at 350. But here the record before the Board, including analyses done by County agencies and staff, as well as the record before the Planning Commission, and the nature and content of the debate by members of the Board before its vote make it clear that the Board made and stated appropriate findings and conclusions supported by the record. Further, even as in the *Ames* dissent, the record itself here renders the issue fairly debatable.

The Gladstones' motion for the introduction of evidence after resting their case is denied.

For these reasons, the Gladstones' petition to overturn the July 25, 1994, vote of the Board of Supervisors of Fairfax County granting Skallerup a waiver of public street frontage requirements is denied.