COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Senior Judge Hodges
Argued at Richmond, Virginia


HAROLD VINCENT CORBIN
                                           OPINION BY
v.   Record No. 1503-01-2          JUDGE JAMES W. BENTON, JR.
                                           MAY 28, 2002
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF ESSEX COUNTY
                  Horace A. Revercomb, III, Judge

          Gordon A. Wilkins (Charles J. McKerns;
          Wilkins & Davison; McKerns & Hill, on brief),
          for appellant.

          Margaret W. Reed, Assistant Attorney General
          (Jerry W. Kilgore, Attorney General, on
          brief), for appellee.


     The sole question presented on this appeal is whether the

trial judge erred in denying Harold Vincent Corbin's motion to

strike the master jury list.  We affirm the trial judge's order.

                              I.

     A grand jury indicted Corbin for capital murder, robbery, and

attempted capital murder.  In a pre-trial motion to strike the

master jury list, Corbin alleged that the jury commissioners did

not prepare the master jury list consistent with the requirements

of Code § 8.01-345.  In particular, he alleged that although the

statute indicates "that a master jury list shall be prepared . . .

using a current voter registration list, and where feasible, a

list of persons issued a driver's license . . . , [and persons

from the] city or county directories, telephone books, and personal property tax rolls," the Essex County jury commissioners improperly compiled the master jury list "solely by using the voter registration list."

At a hearing held to consider the motion, Corbin's attorney presented no witnesses. The parties stipulated that 9,300 people reside in Essex County, that 5,517 people are registered to vote in the county, and that 1,656 of the county's residents are school children. Corbin's attorney asserted in argument that the jury commissioners prepared the master jury list from the voter registration list only and that the statute's use of "where feasible" imposes a mandatory requirement to use a variety of other lists in addition to the voter registration list.

The Commonwealth's Attorney argued that the issue turned upon the meaning of "feasible." He argued that the voter registration list contained a high percentage of the residents, that the voter registration list was a reliable and "sufficient random process" from which to select a master jury list, and that using other lists involved "a huge process which is difficult."

The trial judge's findings included the following:

> The evidence that I have for the purposes
> of this motion [is] the stipulation in
> regard to the number of people in Essex,
> 9,300 people, approximately, in Essex. It
> is proffered to the Court approximately

-

5,517 people were registered to vote.  The Court is told that the voter registration list is the list that is utilized by the commissioners in Essex County for selecting the jury panel.

*    *    *    *    *    *    *

The Court is being asked to strike the jury list as not being in compliance with this statute . . . because by using only the voter registration list, the result is that it does not include potential jurors representative of the broad community interest that might appear on the list by virtue of the commissioners utilizing these other lists.

The Court notes in that paragraph of the statute where it says, "The jury commissioners shall utilize random selection," it makes reference "by manual, mechanical, or electronic, using a current voter registration list."  . . . That I would construe as being mandatory.  They have to use a voter registration list.

*    *    *    *    *    *    *

[T]he purpose of the motion before the Court today is [to determine the meaning of] "where feasible," and [whether] the balance of that sentence is mandatory, or perhaps directory.

I am not of the opinion that it makes it mandatory or otherwise the General Assembly would not have put "where feasible."  They would simply have said, "Using the current voters registration list and from the list from DMV," . . . et cetera.  But they chose not to do that but instead put a qualifier by using the words "where feasible."

Also, I do not believe that by using the voter registration list that would deprive someone of jurors who represent the broad community's interest.

-

Thus, the trial judge denied the motion. After a jury convicted Corbin of first degree murder, robbery, and attempted first degree murder, Corbin filed this appeal.

## II.

Corbin contends that it was "feasible" for the jury commissioners to use, in addition to the voter registration list, the other lists mentioned in the statute. The Commonwealth contends that the issue of feasibility poses a factual question and that Corbin failed to present evidence that the jury commissioners did not follow the statute. We agree with the Commonwealth.

In pertinent part, the statute provides as follows:

> The commissioners shall, not later than December 1 following their appointment, submit a list showing the names, addresses and, if available, the occupations of such of the inhabitants of their respective counties or cities as are well qualified under § 8.01-337 to serve as jurors and are not excluded or exempt by §§ 8.01-338 to 8.01-341 and 8.01-342. Such master jury list shall be used in selecting jurors
> . . . .

> The jury commissioners shall utilize random selection techniques, either manual, mechanical or electronic, using a current voter registration list and, where feasible, a list of persons issued a driver's license as defined in § 46.2-100 from the Department of Motor Vehicles, city or county directories, telephone books, personal property tax rolls, and other such lists as may be designated and approved by the chief judge of the circuit, to select the jurors representative of the broad community interests, to be placed on the master jury

-

list.  The commissioners shall make reasonable effort to exclude the names of deceased persons and unqualified persons from the master jury list.  After such random selection, the commissioners shall apply such statutory exceptions and exemptions as may be applicable to the names so selected. . . .

Code § 8.01-345.

The statute contains the undisputed mandatory requirement that "[t]he jury commissioners shall utilize random selection techniques . . . using a current voter registration list . . . to select the jurors representative of the broad community interests, to be placed on the master jury list."  Id.  The disputed portion of the statute contains the further proviso that commissioners also include in the pool of names to be randomly selected, "where feasible, a list of persons issued a driver's license as defined in § 46.2-100 from the Department of Motor Vehicles, city or county directories, telephone books, personal property tax rolls, and other such lists as may be designated and approved by the chief judge of the circuit."  Code § 8.01-345.

In ordinary parlance, "[t]he term 'feasible' means simply that which is 'capable of being done.'"  Bell v. Dorey Elec. Co., 248 Va. 378, 382, 448 S.E.2d 622, 624 (1994) (quoting American Textile Mfrs. Inst., Inc. v. Donovan, 452 U.S. 490, 508-09 (1981).  The legislature's use of the phrase "where feasible" in the statute clearly contemplates that jury

-

commissioners will decide, based on facts and circumstances, whether to supplement the voter registration list with other lists to achieve the legislative objective, as clearly expressed in Code § 8.01-345, of "select[ing] the jurors representative of the broad community interests."  See Bell, 248 Va. at 382, 448 S.E.2d at 624 (ruling that "feasible" is a term that "provide[s] sufficient legislative standards to guide the [delegated entity] in establishing regulations, and also establish[es] a legally discernible standard by which a court could review subsequent challenges [to the decisionmaking]").  See also Hickory Neighborhood Defense League v. Skinner, 893 F.2d 58, 61 (4th Cir. 1990) (holding that a decision "that there were no feasible . . . alternatives" is one that must be based on facts).  Thus, we conclude that the statutory proviso, "where feasible," is a matter that raises at the first instance an issue of fact that is plainly a matter to be proved at trial.

As the party seeking to establish that the jury commissioners failed to follow the statutory selection process, Corbin had the burden of proving his allegations.  Moats v. Commonwealth, 12 Va. App. 349, 354, 404 S.E.2d 244, 246 (1991).  See also United Dentists, Inc. v. Commonwealth, 162 Va. 347, 355, 173 S.E. 508, 511 (1934) (stating the general rule that the party "has the burden of proof who seeks to move the court to act in his favor").  At the hearing before the trial judge, the Commonwealth's Attorney agreed with the assertion by Corbin's

-

attorney that the jury commissioners randomly compiled the master jury list from the current voter registration list.  The parties also stipulated the population of the county and the number of registered voters.  Corbin's attorney presented no witnesses and no other evidence concerning the process by which the jury commissioners compiled the master jury list.  For example, he presented no evidence to prove whether the jury commissioners considered using other lists, whether after considering other lists the commissioners determined their use to be problematic, or whether the commissioners determined without reason not to use other lists.  Whether a matter is "feasible" turns, however, upon what the facts reveal.  See Bell, 248 Va. at 382, 448 S.E.2d at 624; see also In re Danny Thomas Properties II LTD Partnership, 241 F.3d 959, 963 (8th Cir. 2001); In re Clarkson, 767 F.2d 417, 420 (8th Cir. 1985); Morris v. Williams, 433 P.2d 697, 713 (Cal. 1967).

For these reasons, we hold that the evidence in the record was insufficient for the trial judge to have concluded that the jury commissioners violated Code § 8.01-345 in compiling the master jury list.  Accordingly, we affirm the trial judge's order and, therefore, the judgment.

Affirmed.