# CIRCUIT COURT OF LOUDOUN COUNTY

GIBG Golf, L.L.C., et al.

v.

Loudoun County
Board of Supervisors

November 18, 2008

Case No. (Civil) 50766

BY JUDGE THOMAS D. HORNE

On July 8, 2008, plaintiffs, GIBG Golf, L.L.C., and Fairfax GIBG, L.L.C., commenced this action for declaratory and injunctive relief. They allege that the Board of Supervisors of Loudoun County violated Virginia law by denying their request for an exception in connection with a subdivision application and that such denial effectively constituted a prohibited piecemeal downzoning of their property.

The property that is the subject of the instant action is comprised of a 22.99 acre parcel of land, not currently subdivided, located in Loudoun County, Virginia, adjacent to the Fairfax County line. Fairfax GIBG, L.L.C., is the owner of the property and has authorized the developer, GIBG Golf, L.L.C., to pursue a subdivision of the property. The property is zoned to the TR-3LRB (Transitional Residential-3) zoning district on the County Zoning Map. This designation would permit a by-right density, assuming all subdivision and zoning ordinance requirements are otherwise met, of six residential lots and one open space lot on the property.

Plaintiffs sought to subdivide the parcel to the maximum by-right density but, in order to do so, were required to seek an exception to the subdivision ordinance. The granting of an exception by the Board was a

necessary precursor to subdivision approval due to lack of frontage of the proposed lots on a public road. The granting of an exception would permit the parcel, currently landlocked, to be subdivided with access provided by a private road.

The Loudoun County Land Subdivision and Development Ordinance (LSDO) requires "that all lots front on a constructed or platted public street." § 1245.01, LSDO. However, applicants, such as the plaintiffs, may request an exception to the provisions of the LSDO. Thus:

> [u]pon application to the Board of Supervisors, a subdivider may request an exception to the substantive regulations contained in the *Facilities Standard Manual* or in Chapter 1245 of these Subdivision Regulations. The Board of Supervisors may grant such an exception upon evidence presented by the subdivider that an exception is warranted due to an unusual situation or that strict adherence to general requirements would result in substantial injustice or hardship.

This provision of the Subdivision Ordinance is reflective of the power conferred by the General Assembly upon the Board of Supervisors of Loudoun County to grant exceptions to the provisions of the subdivision ordinance under certain conditions. Va. Code Ann. § 15.2-2242(1).

All local governing bodies in Virginia are required to enact an ordinance, "to assure the orderly subdivision of land and its development." Va. Code Ann. § 15.2-2240. These subdivision ordinances are required by the enabling grant of the legislature to contain certain enumerated provisions. Va. Code Ann. § 15.2-2241. Moreover, additional provisions may be included in local subdivision ordinances at the election of the local governing body. Va. Code Ann. § 15.2-2242. Among those provisions that may be included are, "[p]rovisions for variations in or exceptions to the general regulations of the subdivision ordinance in cases of unusual situations or when strict adherence to the general regulations would result in substantial injustice or hardship." Va. Code Ann. § 15.2-2242(1).

While local governing bodies may retain the authority to grant such exceptions, as is the case in Loudoun County, they may also delegate to its subdivision agent the authority to do so. Va. Code Ann. § 15.2-2255; *Logan v. City Council of the City of Roanoke*, 275 Va. 483 (2008).

In their complaint, Plaintiffs suggest that, when considering the denial of an exception to the public road requirement of the LCSO, the Board acted arbitrarily and capriciously and that their decision to deny the application was

ministerial and not legislative in nature. A decision on this issue is critical to the standard of review to be applied by this Court when considering the merits of plaintiffs' case.

This issue of the standard of review is now before the Court on the motion of the plaintiffs for partial summary judgment. It is their contention that the issue, as to the nature of the action taken by the Board in denying the exception, is ripe for decision. It would appear that, as to the appropriateness of summary judgment, the Board is in agreement. However, they view the standard of review to be applied differently.

Thus, plaintiffs contend that the denial by the Board of Supervisors of their request for an exception was a ministerial act in nature and that the Court should so decide at this time. Were this so, then the Court need not apply a fairly debatable standard when reviewing reasonableness of the Board's action. They suggest that a decision on the matter will be helpful to the parties as they prepare for trial.

Plaintiffs have requested that the Court find that, in acting upon a request for an exception from the subdivision requirements based upon a finding of "unusual situations or when strict adherence to the general regulations would result in substantial injustice or hardship," the Board acted in a ministerial rather than legislative capacity. If this is so, they suggest the Court, in reviewing this case, should not apply the fairly debatable test applicable to judicial review of legislative acts. *Eagle Harbor v. Isle of Wight County*, 271 Va. 603 (2006).

For the reasons that follow, the Court finds that in denying an exception to the LCSO, the Board performed a discretionary, legislative function and that this Court should apply the fairly debatable standard when considering the instant complaint.

In applying the fairly debatable standard of judicial review to legislative acts, this Court is required to consider the action of the Board in denying the application for an exception presumptively reasonable. Plaintiffs will be required to produce evidence of the unreasonableness of the action of the Board. Should they do so, then the Board must meet the challenge of the plaintiffs by some evidence of reasonableness. Lastly, "if evidence of reasonableness is sufficient to make the question fairly debatable, the legislative action must be sustained. If not, the evidence of unreasonableness defeats the presumption of reasonableness and the legislative action cannot be sustained." *Id.* at 616 (authority omitted).

In their arguments on the motion, counsel have used the terms "discretionary," "ministerial," and "legislative" when seeking to identify the nature of the review process exercised by the Board.

Acts that are ministerial in nature are not subject to the fairly debatable standard of review, even though they may involve the exercise of discretion by the decision maker. Thus, it has been held that *mandamus* will not lie to compel administrative acceptance and processing of a subdivision application, an otherwise administrative responsibility, because, "the official's task . . . involved the application of law to a complex set of facts and required the exercise of judgment." *Umstattd v. Centex Homes*, 274 Va. 541, 547 (2007). Discretion to act is not determinative of the nature of the action taken.

Writing for the Supreme Court of Virginia, Justice Lacy has observed:

> [T]here are no bright-line rules for the determination of whether an act is administrative or legislative, we have said that administrative acts generally implement existing laws while legislative acts create new ones. A legislative act involves the "balancing of the consequences of private conduct against the interests of public welfare, health, and safety." The ability to regulate the use of land is part of the police power vested in the legislature which can, in turn, be delegated to local governing bodies. And we have observed that an ordinance that "regulates or restricts conduct with respect to . . . property . . . is purely legislative." If allowed by statute, local governing bodies may delegate the exercise of these legislative functions to subordinate bodies, officers, or employees, but the subordinate body's exercise of these functions continues to be considered a legislative function.

*Helmick v. Town of Warrenton*, 254 Va. 225, 228, 229 (1997) (authorities omitted).

Thus, a Town's refusal to vacate a subdivision plat has been determined to be a legislative act subject to the fairly debatable standard of review. *Id.*

Generally, to be valid, the delegation of legislative power must be accompanied by specific policies and standards, "to guide the official, agency, or board in the exercise of the power. Delegations of legislative power which lack such policies and standards are unconstitutional and void." *Bell v. Dorey Electric Co.*, 248 Va. 378, 380 (1994) (authority omitted). This general rule is subject to an exception in those cases, "where is it difficult or impracticable to lay down a definite rule or where discretion relates to administration of a police regulation and is necessary to protect the public morals, health, safety, and general welfare." *Helmick, supra*, at 232 (authorities omitted).

The Loudoun County Board of Supervisors, in enacting the provisions of the LCSO providing for exceptions, has retained the power delegated to it by the General Assembly to make such determinations. However, as previously noted, the Board could have delegated that authority to an administrative official.

Such a delegation of authority has been the subject of scrutiny by the Supreme Court of Virginia. In reviewing a facial challenge to such a delegation of authority to act upon exceptions in such cases as this, the Court applied the test applicable to the delegation of legislative power, and, in so doing, shed light on the nature of the underlying review process. *Andrews v. Board of Supervisors*, 200 Va. 637 (1959); *Logan v. City Council of the City of Roanoke*, 275 Va. 483 (2008).

The Court determined that an ordinance providing for the delegation of authority to grant exceptions to the agent of the Board provided for adequate standards to guide the agent's discretion when granting exceptions to the ordinance. *Id.* Though presented as an issue of the delegation of authority, a key component of the Court's analysis was the assumption that the granting of the exception was a legislative function. It is counterintuitive to assume that the nature of the power to act would be analyzed dissimilarly when considering the delegation of the power to others, as was the case in *Logan*, as apposed to the actual exercise of the power by the delegating authority, as in the instant case.

Moreover, an analysis of the relevant section utilizing the balancing test, previously referenced, yields a similar result. In acting upon the exception, the Board was responding to the request by a private property owner seeking to maximize its expectations as to developmental densities permitted by existing zoning. These expectations are to be weighed against the public's interests in how those private developmental requirements are related to the overall transportation needs of the community. This is the type of balancing test reflective of exercise of the legislative function of local government.

On summary judgment, it is the issue of the standard of review and not burden of proof that are before the Court for consideration. Thus, it is not necessary on the instant motion to determine whether or not the plaintiffs have set forth sufficient evidence of hardship to justify the granting of a variance. *Cf., Baum v. Lunsford*, 235 Va. 5 (1988). The instant motion addresses the nature of the power exercised by the Board and the standard to be applied when considering that action.

The Court notes that the instant decision is consistent with conclusion reached by the Circuit Court of Fairfax County in *Gladstone v. Board of Sup. of Fairfax County*, 38 Va. Cir. 309 (1996).

Accordingly, the Motion for Partial Summary Judgment is denied.

This case will be continued.