COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Willis and
          Retired Judge Whitehurst*
Argued at Norfolk, Virginia


WILLIAM E. VAUGHN

v.   Record No.  0669-94-1                    OPINION BY
                                     CHIEF JUDGE NORMAN K. MOON
CITY OF NEWPORT NEWS                        JUNE 27, 1995

            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                        Randolph T. West, Judge

        Stephen A. Dunnigan for appellant.

        Denise A. Dunn, Assistant Commonwealth's
        Attorney (Office of the Commonwealth's
        Attorney, on brief), for appellee.


     William E. Vaughn appeals his conviction for violating § 421
of the Newport News City Code, which prohibits "outside storage
of goods, materials and equipment."  Vaughn argues that because
"goods, materials and equipment" are not defined in § 421, the
statute is unconstitutionally vague and overly broad.

     While Vaughn correctly contends that the Newport News City
Code does not define "goods, materials, and equipment," a fair
reading of § 421 in its entirety and in conjunction with the
language in the city's zoning ordinance shows that § 421 is
reasonably definite in its scope as to the prohibited conduct
and, therefore, not unconstitutionally vague.  For this reason,
we affirm.

     The pertinent facts which are not disputed are that Vaughn

_____

        *  Retired Judge Alfred W. Whitehurst took part in
consideration of this case by designation pursuant to Code
§ 17-116.01.

had numerous items, including appliances, pieces of wood, pipes, and other miscellaneous items, stored outside on his business property. Vaughn, whose property is zoned Retail Commercial, received a written notice of and notice to correct the violations within fifteen days. More than two months later, he received a summons for failing to abate the violations.

The void-for-vagueness doctrine requires that a legislative enactment define a criminal offense with sufficient definiteness and certainty that "ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357 (1983). This Court has further explained that "[a]lthough absolute precision is not required, a law must afford a reasonable degree of certainty so that a person is not left to guess at what conduct is prohibited." Turner v. Jackson, 14 Va. App. 423, 433, 417 S.E.2d 881, 888 (1992).

While § 421 does not define "goods, material and equipment," it permits outside storage of goods, materials and equipment as a matter of right only in manufacturing zoning districts and, with the issuance of a special exception, in a C2-A zoning district. Vaughn's property is zoned neither Manufacturing nor C2-A. Section 421 further delineates exceptions to the section's provisions and lists a number of situations where outside storage of goods, materials, and equipment is legislatively declared as not to be included within the term "outside storage." Thus, § 421 affords an individual reasonable notice as to what is and

what is not prohibited by the ordinance.

Moreover, §§ 402, 412, and 1402 provide that the prohibition of "outside storage" would not extend to any "goods, materials, and equipment" that would ordinarily be associated with permitted uses, as an "accessory use," in other zoning districts. Section 1402(C) provides as follows:

Accessory uses. Any use customarily incidental or accessory to any of the above uses is permitted in this district when clearly established as an accessory use to a permitted use.

This language or similar language is included in every other zoning classification in the city's zoning ordinance. Accordingly, stock or inventory could be stored in the rear of Vaughn's premises because it is zoned Retail Commercial. Contrary to Vaughn's contention, a swing set would not be prohibited in the backyard of a residence, because swing sets are incidental to residential use. However, appliances, pieces of wood, pipes, and the other miscellaneous items located on Vaughn's property are not accessory to any permitted use of his property.

Vaughn's argument overlooks the inclusive nature of the statutory scheme of the city's zoning ordinance, i.e., that only where exceptions are made within § 421 or where "outside storage" of other objects is made to fall outside the purview of § 421 via other sections in the ordinance, can such "goods, material and equipment," be stored outside of one's premises. Put simply, the city's zoning ordinance prohibits the outside storage of anything

except as otherwise stated within its sections. By negative inference, the statutory scheme creates a prohibition which allows the ordinance's primary purpose to be carried out without specifically enumerating every single item which the city did not want stored outside. Vaughn's argument, were it accepted, would put in doubt all similar zoning ordinances which are inclusive in nature.

Section 402 states that "[n]o land shall be used except for a purpose permitted in the district in which such land is located." The ordinance makes clear that only uses specifically enumerated within a zoning district are permitted without a special use permit. The Supreme Court of Virginia has approved inclusive zoning ordinances which specify uses which are permitted in the respective zones and do not specify those uses which are prohibited therein. Board of Supvrs. v. Gaffney, 244 Va. 545, 549-50, 422 S.E.2d 760, 763 (1992). Vaughn's property is not in a manufacturing zoning district. He has no special exception for the subject parcel and he has not argued that the goods stored on his property are "accessory" to a permitted use.

In conclusion, we hold that § 421, taken as a whole and in conjunction with the language in the city's zoning ordinance, affords a reasonable degree of certainty and is not unconstitutionally vague.

Affirmed.