Present:  All the Justices

JOHN MURPHY

v.  Record No. 992764   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                September 15, 2000
NORFOLK COMMUNITY SERVICES BOARD


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                    William F. Rutherford, Judge


     In this appeal of a judgment entered on a petition for

review of the dismissal of an employee grievance, we consider

whether the trial court erred in holding that the employer

properly terminated the grievance based on the employee's

failure to comply with certain filing deadlines.

     The evidence presented to the chancellor showed that in

January 1999, John H. Murphy was terminated from his employment

as a case manager with the Norfolk Community Services Board

(NCSB).  In accordance with the grievance procedure enacted by

the City of Norfolk (City) pursuant to Code §§ 15.2-1506 and -

1507,[1] and made applicable to the NCSB by City ordinance,[2] Murphy

timely filed a written grievance with Brenda Wise, the Director

of Administration for NCSB.

     On February 10, 1999, Murphy received a letter from Sharon

Lucas, a human resources coordinator with NCSB, advising him

---

     [1]See Norfolk, Va. Ordinance No. 36,558 (Sept. 10, 1991)
(adopting the revised grievance procedure at issue in this
action).

that a panel would hear his grievance. The letter directed Murphy to identify, by February 26, 1999, his employee representative to serve on the grievance panel and the witnesses he intended to present at the panel hearing. The letter informed Murphy that "failure to observe the February 26, 1999 time limit may result in the grievance being terminated."

On Friday, February 26, 1999, Murphy mailed to NCSB a letter containing the requested information. On the next business day, Monday, March 1, 1999, he personally delivered a copy of the letter to Brenda Wise. Wise concluded that Murphy had not met the February 26, 1999 deadline, and that "there was nothing else for the community services board to do." On March 30, 1999, Wise gave Murphy written notification that his grievance would not be processed further.

Murphy filed a petition for review in the trial court under the NCSB grievance procedure provision mandated by Code § 15.2-1507(A)(7)(b). He alleged that his initial noncompliance with the February 26, 1999 deadline constituted noncompliance with a "substantial procedural requirement" under the grievance procedure provisions, but that he cured his noncompliance within the time period allowed under the procedure. Murphy further alleged that NCSB had failed, without just cause, to comply with the grievance procedure by failing to convene a panel to hear

---

[2]See Norfolk, Va. Ordinance No. 35,929 (March 20, 1990).

his grievance.  He sought a declaration that he was entitled to the relief requested in his grievance based on NCSB's noncompliance with the grievance procedure or, in the alternative, that he was entitled to a grievance hearing.

After the chancellor heard Murphy's evidence, NCSB moved to strike the evidence, arguing that NCSB properly terminated his grievance since he had not obtained an extension of the February 26, 1999 deadline in accordance with the provisions of the grievance procedure.  The chancellor granted NCSB's motion to strike, ruling that Murphy had failed to obtain an extension of the filing deadline, and that the provision in the grievance procedure for curing noncompliance with a "substantial procedural requirement" within five days of a violation was inapplicable to filing deadlines.  The final decree stated that because Murphy had failed to meet the filing deadline and did not obtain an extension of time to make his required submissions, "the Director of Human Resources had no authority to unilaterally extend the deadline and was compelled to suspend processing of the grievance."  In the decree, the chancellor dismissed the petition and awarded final judgment in favor of NCSB.

On appeal, we first review the provisions of the NCSB grievance procedure that are relevant to the issue before us. The grievance procedure requires that an employee who has filed

a grievance that will be heard by a three-person grievance panel designate another employee to serve on the panel. Within ten business days of receipt of the Administration Department's request for the designation, the employee must forward the name of his choice to the Department. The grievance procedure further provides that along with the Administration Department's request for designation of a panel member, the Department shall issue a corresponding request that the employee and the employee's "department head" submit, within ten business days, a list of the witnesses that they intend to present at the hearing.

The grievance procedure also states, in relevant part:

E. Time Limitations

. . . .

2. Any time limitation specified by this procedure may be extended by mutual agreement of the parties, or, when justified by unusual circumstances constituting just cause, by the [Director of Administration], provided that such extension must be in writing accompanied by a clear explanation of the Director of his reasons for authorizing the extension. Examples of unusual circumstances which will justify an extension of time are the sickness or disability of an employee or of a supervisor to whom a grievance must be presented.

. . . .

4. After the initial filing of a written grievance, the failure of either party to comply with all substantial procedural requirements of the grievance procedure, without just cause, will result in a decision in favor of the other party on any

4

grievable issue, providing that the party not in
compliance fails to correct the noncompliance within
five (5) work days of receipt of written notification
by the other party of the compliance violation. Such
written notification by the grievant shall be made to
the [Executive Director]. The failure of either
party, without just cause, to comply with all
substantial procedural requirements at the panel
hearing shall result in a decision in favor of the
other party. [Citation omitted.]

Murphy argues that the chancellor erred in concluding that
the curative provisions of Section E(4) are inapplicable to a
failure to meet a filing deadline for the designation of a panel
representative and witnesses. He contends that Section E(4)
permits a party to correct any noncompliance with "substantial
procedural requirements" within five days of receiving a
mandatory written notification of his noncompliance from the
other party to the grievance. Murphy contends that the February
26, 1999 deadline was a "substantial procedural requirement,"
and that since he personally delivered the required designations
one business day after the deadline, he cured his noncompliance
and was entitled to proceed with his grievance.

In response, NCSB argues that Section E(2) is the only
provision of the grievance procedure that permits an extension
of time beyond a deadline established in the procedure, and that
Murphy failed to comply with either prescribed method in that
section for extension of a time limitation. NCSB contends that
the curative provisions of Section E(4), on which Murphy relies,

5

apply to procedural requirements other than time limitations. Thus, NCSB asserts that since Murphy failed to establish that he obtained an extension of the February 26, 1999 deadline under the provisions of Section E(2), the chancellor correctly concluded that NCSB was required to cease processing his grievance. We disagree with NCSB.

Under Code § 15.2-1507, grievance procedures adopted by a local governing body must include certain components of the state grievance procedure. See Zicca v. City of Hampton, 240 Va. 468, 470, 397 S.E.2d 882, 883 (1990). One required component is a provision that "[t]ime frames may be extended by mutual agreement of the local government and the grievant." Code § 15.2-1507(A)(6)(d). The statute also requires a curative provision that enables parties to a grievance, within five business days, to correct noncompliance with "all substantial procedural requirements" that occur after the timely filing of an initial grievance. Code § 15.2-1507(A)(7)(a). These two components were incorporated into the City's grievance procedure in Sections E(2) and E(4).

The term "substantial procedural requirement" is not defined specifically in either the Code or the City's ordinance. When a statute or an ordinance does not expressly define a particular term, the general rule of construction is to infer the legislative body's intent from the plain meaning of the

6

language used.  Sansom v. Board of Supervisors, 257 Va. 589, 594, 514 S.E.2d 345, 349 (1999); Hubbard v. Henrico Ltd. Partnership, 255 Va. 335, 340, 497 S.E.2d 335, 338 (1998); City of Virginia Beach v. Flippen, 251 Va. 358, 362, 467 S.E.2d 471, 473 (1996).

An undefined term must be given its ordinary meaning, considered in the context in which the term is used.  Sansom, 257 Va. at 594-95, 514 S.E.2d at 349; Stevenson v. City of Falls Church, 243 Va. 434, 437, 416 S.E.2d 435, 437 (1992); Commonwealth, Dep't of Taxation v. Orange-Madison Coop. Farm Serv., 220 Va. 655, 658, 261 S.E.2d 532, 533-34 (1980).  The context of the term includes the other language used in the particular statute or ordinance at issue.  Sansom, 257 Va. at 595, 514 S.E.2d at 349; City of Virginia Beach v. Board of Supervisors, 246 Va. 233, 236-37, 435 S.E.2d 382, 384 (1993).

Applying these principles, we consider the plain language of Sections E(2) and E(4).  While Section E(2) allows the parties to a grievance to extend any time limitation specified in the procedure by mutual agreement or by permission of the Director of Administration, that provision does not authorize the termination of a grievance against a party who has failed to comply with a time limitation imposed after the initial filing of a grievance.

7

In contrast, Section E(4) allows the termination of a grievance based on a party's ultimate noncompliance with any "substantial procedural requirement."  This section provides that the failure of a party to cure his noncompliance, within five business days of receipt of written notification by the other party of the compliance violation, will result in a decision in favor of that other party.  Although the term "substantial procedural requirement" is not defined in Section E(4), the context in which the term is used indicates that it encompasses time limitations and other procedural requirements that are so essential to the grievance procedure that the uncorrected failure to comply with them will prevent a grievance from being heard and necessarily result in a decision in favor of the opposing party.

Under this construction of Section E(4), Murphy's failure to comply with the February 26, 1999 deadline constituted noncompliance with a "substantial procedural requirement," which was subject to the curative provisions of that section.  Since Murphy personally delivered the required submissions to Brenda Wise one business day after they were due, he cured his noncompliance under the terms of Section E(4).  Thus, we hold that upon delivery of his submissions on March 1, 1999, Murphy was entitled to proceed with his grievance, and the chancellor erred in reaching a contrary conclusion.

For these reasons, we will reverse the chancellor's decree and remand the case with direction that it be remanded to NCSB for the processing of Murphy's written grievance filed with NCSB on February 2, 1999.[3]

Reversed and remanded.

---

[3]We do not consider Murphy's assignment of error that the trial court erred in finding that NCSB was in compliance with the notification requirements of its grievance procedure. As Murphy conceded in his written exceptions to the chancellor's final decree, the chancellor did not rule on this issue. Further, we note that Murphy's argument that he is entitled to prevail on the merits of his grievance due to NCSB's alleged noncompliance with its grievance procedure is not the subject of any assignment of error before this Court; thus, we do not consider the argument.