# CIRCUIT COURT OF FAIRFAX COUNTY

Stanley J. Manolis

v.

Anthony H. Griffin,
County Executive

October 29, 2001

Case No. (Law) 197167

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

Petitioner Stanley Manolis appeals the determination made by Respondent, Anthony H. Griffin, Fairfax County Executive, that Manolis' complaint was non-grievable on the basis of untimeliness. Respondent concluded that Petitioner filed his Request for Grievability Determination form outside of the time outlined in the grievance procedures. After consideration of the arguments raised by the parties in their briefs and at oral argument, as well as the record of the grievance, the County Executive's determination is reversed.

Petitioner, a Fairfax County Zoning Inspector, filed the grievance underlying this petition in early March of 2001. Pursuant to the grievance procedures set forth in Chapter 17 of the Fairfax County Personal Regulations (Pers. Regs.), that initial complaint was made orally to Manolis' immediate supervisor. See Pers. Regs. § 17.5. After gaining no resolution of his complaint, Petitioner proceeded to the second step by reducing his complaint to writing. Manolis complained:

The Performance Evaluation given under the Pay-for-Performance to me as my annual review contained unsubstantiated, unsupported, undocumented, and unfair conclusions by my supervisor including, but not limited to, his marking me as unsatisfactory in specific categories which violates Personnel Regulations and other guidelines.

In addition to violating performance rules and regulations, this unjustified action was taken by my supervisor, I submit, because of age discrimination.

*See* Pet. Second Step Complaint.

At the second step, the Director of Zoning Administration evaluated Manolis' complaint and concluded that his evaluation was properly performed and substantiated and not the product of age discrimination. Unsatisfied, Petitioner proceeded to the third step in the grievance process.

At the third step, the Director of the Department of Planning and Zoning evaluated Petitioner's complaint. Again, after the appropriate meeting, it was concluded that Petitioner's performance evaluation was proper and not the product of age discrimination.

Petitioner, still unsatisfied with the result, submitted his complaint to Respondent for a determination as to whether his complaint was grievable. At the point of grievability determination, an employee complaint will be classified as either:

(a) grievable, with a binding decision from the Civil Service Commission;

(b) non-grievable but eligible for a hearing and an advisory decision from a hearing officer appointed by the Civil Service Commission; or

(c) non-grievable with no hearing.

See Pers. Regs. § 17.3-1.

Respondent determined that Manolis' complaint was non-grievable on the basis of untimeliness. According to a letter sent to Petitioner by Respondent on July 2, 2001, Petitioner's Request for Grievability Determination form was received in the appropriate office one day late. On that basis, the Respondent determined that Petitioner's complaint was non-grievable. Petitioner next exercised his right of appeal to this court.

At oral argument on this matter, the Respondent conceded that Petitioner's Request for Grievability Determination form, while filed untimely, was saved by the curative provision of the Personal Regulations. See Pers. Regs. § 17.10-1; *Murphy v. Norfolk Community Services Bd.*, 260 Va. 334, 533 S.E.2d 922 (2000). Respondent contends, however, that his decision should still be affirmed as the Petitioner's complaint does not present a grievable issue entitled to a hearing under the grievance procedures. To the contrary, Petitioner contends that, because his complaint is at least partially

based on a claim of age discrimination, he is entitled to a hearing and decision by the Civil Service Commission. Petitioner urges this court to remand his grievance back to Respondent for further proceedings consistent with the grievance procedures.

I find that the Respondent did not base his determination of non-grievability on the actual merits of Petitioner's complaint. Instead, the Respondent determined that Petitioner's complaint was non-grievable because his request form was received late. I am remanding Petitioner's complaint back to Respondent for a determination as to "whether the [Petitioner] is entitled to access to the grievance procedure and if the complaint is grieveable." See Pers. Regs. § 17.5-4(b). Once Petitioner's complaint is properly evaluated and determined to be grievable or non-grievable, Petitioner may either proceed to the Fairfax County Civil Service Commission or appeal to this court, whichever is appropriate.