## CIRCUIT COURT OF FAIRFAX COUNTY

Jane W. Gwinn,
Fairfax County
Zoning Administrator

v.

Jimmie K. Walker
and Margie L. Walker

Case No. (Chancery) 182748

Jimmie K. Walker
and Margie L. Walker

v.

Fairfax County
Board of Supervisors et al.

Case No. (Law) 204529

Jimmie K. Walker
and Margie L. Walker

v.

Fairfax County
Zoning Appeals Board ·

Case No. (Law) 210396

July 22, 2003

By Judge R. Terrence Ney

This matter came before the Court on April 30, 2003, for trial in an enforcement action brought by the Fairfax County Zoning Administrator against Jimmie K. and Margie L. Walker. In particular, the Zoning Administrator seeks to enforce the Fairfax County Zoning Ordinance against the Walkers due to alleged violations on their property.

*Facts and Procedural History*

On February 28, 1985, the Walkers applied to have their property rezoned from an R-1 Residential District to an I-5 General Industrial District for the purposes of establishing a roofing business. The General Development Plan (the "GDP"), included with the application, proffered several uses of the property relating to the proposed business, including a contractor's office and shop, a 10,000 square foot warehouse, a driveway, a parking lot, and a storage yard, each of which is a permissible use in a General Industrial District pursuant to § 5-502 of the Fairfax County Zoning Ordinance. A zoning ordinance may provide for the adoption of reasonable conditions as part of an amendment to the current zoning regulations for a particular zoning district when such conditions have been proffered in writing by the owner of the property. Va. Code Ann. § 15.2-2303 (2002).

In Proffer No. 2, the Walkers represented that "the uses of the property shall be limited to use for contractors' offices and shop, warehousing, and storage yards." Section 5-502 of Fairfax County's Zoning Ordinance describes thirty permissible uses of property in a General Industrial District. A contractor's offices and shops is permitted under § 5-502(4); a warehouse is permitted under § 5-502(29); and a storage yard is permitted under § 5-502(23). A driveway and parking lot was permitted pursuant to the Board's general approval of the Walkers' GDP. See Walker Ex. # 2. In accordance

with the Fairfax County Zoning Ordinance, the Walkers' proffers became a part of Fairfax County's zoning regulations as they applied to the Walkers' property.

Section 18-204, Paragraph 3, of the Fairfax County Zoning Ordinance provides:

> Such proffered conditions shall become a part of the zoning regulations applicable to the property in question, unless subsequently changed by an amendment to the specific regulations set forth in this Ordinance for the zoning district in question.

At a public hearing on March 4, 1985, the Walkers, through their counsel, W. McCauley Arnold, made several additional proffers to the Fairfax County Board of Supervisors ("the Board") in consideration of rezoning the subject property for use as a storage yard. The Board accepted the Walkers' petition to use the property as a storage yard but expressed reservations about allowing the Walkers to store items outside. Several residents in the Walkers' neighborhood also expressed concerns about the possibility of industrial goods being stored outside on the Walkers' property.

The question of "outside storage" emanated from Fairfax County's definition of a storage yard in § 20-300 of Fairfax County's Zoning Ordinance, which defines a storage yard as:

> the use of any space, whether inside or outside a building, for the storage or keeping of construction equipment, machinery, vehicles or parts thereof, boats, and/or farm machinery.

Fairfax County Zoning Ordinance § 20-300 (1978).

Responding on behalf of the Walkers, Mr. Arnold represented to the Board that "there would not be any outside uses" and that the original proffers set forth in the Walkers' GDP were intended to convey this message. Defendants' Ex. # 2, p. 11.

Following discussion, the Board granted the Walkers' application on the condition that the limitation expressed in Proffer No. 2 was to include the prohibition on outside storage. Neither Mr. Arnold nor any members of the Board made any statements delineating the specific items or goods that would be subject to the restriction.

Between June 4, 2001, and October 18, 2001, various zoning inspections of the Walkers' property revealed improvements and uses on the property that allegedly were inconsistent with the Walkers' proffered conditions. One inconsistent use found during the inspections was the outside storage of various items, including operable and inoperable motor vehicles; construction equipment such as forklifts, front-end loaders, backhoes, bobcats, and cranes; farm tractors; tractor trailers; roofing materials; plant materials for a nursery; snowplow attachments; propane tanks; hand-operated equipment and other machinery; various equipment items; and general debris.

On December 15, 2001, the Fairfax County Zoning Administrator sent the Walkers a notice of violation directing the Walkers to cease all impermissible uses and remove all items impermissibly stored outdoors. Complainant's Ex. # 3.

The Walkers appealed the notice of violation to the Board of Zoning Appeals (the "BZA") and to the Fairfax County Board of Supervisors. On May 6, 2002, the Board denied the Walkers' appeal and the Walkers subsequently filed a Bill of Complaint for Declaratory Judgment and Injunctive Relief with this Court.

On September 10, 2002, the BZA affirmed the Zoning Administrator's conclusions, including the determination that outside storage was maintained on the Walkers' property in violation of the proffers. The Walkers then filed a Petition for Writ of Certiorari with this Court seeking to overturn the BZA's decision.

On April 30, 2003, the Zoning Administrator filed a Bill of Complaint for Declaratory and Injunctive Relief with this Court seeking to enforce the zoning regulations, including the proffers, as they applied to the Walkers' property.

Prior to the court hearing, the Walkers and the Zoning Administrator resolved all outstanding issues except for the Walkers' use of the property as outside storage. Unable to arrive at a consensus on this particular matter, both parties now seek determination from the Court on the meaning and application of the term.

*Analysis*

There are two issues to be resolved. First, whether the term "outside storage" is unconstitutionally vague. Second, what constitutes "outside storage" within the meaning of Zoning Ordinance § 5-502(23), which addresses the use of property as a "storage yard" in districts zoned I-5,

otherwise known as General Industrial Districts. In particular, the question to be answered is whether the statutory construction of the term "outside storage" necessarily includes the outdoor and open storage of certain items on industrial-zoned property whose use is limited to indoor storage only.

## Unconstitutional Vagueness

The Walkers argue that the term "outside storage" is unconstitutionally vague because the County has offered no definition of the term and, therefore, has provided no measurable standards against which a reasonable person could determine what constitutes outside storage. They contend that such vague standards encourage arbitrariness on the part of the County in enforcing a restriction against storing items outside.

Fairfax County maintains that "outside storage" has a commonplace meaning of reasonable certainty, particularly in light of the overall language of the storage yard provision.

Under the Fourteenth Amendment Due Process Clause, an ordinance is void for vagueness if it fails to give a person of ordinary intelligence fair notice of what conduct is compelled or forbidden by the enactment and if it encourages arbitrary and discriminatory enforcement. *Vaughn v. City of Newport News*, 20 Va. App. 530, 531, 458 S.E.2d 591 (1995). In particular, an ordinance must be defined with sufficient definiteness and certainty so that an ordinary person can understand its meaning and application. *Vaughn*, 20 Va. App. at 531, 458 S.E.2d at 591.

Notwithstanding, absolute precision is not required. *Id.* Laws are presumed to be valid when drawn, and the burden of showing a law's invalidity is upon the challenger. *Ours Properties, Inc. v. Ley*, 198 Va. 848, 850, 96 S.E.2d 754 (1957). Unless the ordinance is so plainly and palpably inadequate as to offend the Constitution, it must be upheld. *Ours Properties, Inc.*, 198 Va. at 851, 96 S.E.2d at 756.

Applying these principles, the Court does not find the phrase "outside storage" to be unconstitutionally vague. The plain meaning of the term "outside" indicates outdoors, open air, and not inside; and the plain meaning of the term "storage" indicates the safekeeping of goods. This is consistent with dictionary definitions of both terms. *See, e.g., Webster's Ninth New Collegiate Dictionary* (defining outside to mean "outdoors" and storage to mean a "space or place for storage; *esp.* the safekeeping of goods in a depository"). Accordingly, it can be inferred that the phrase "outside storage"

suggests the safekeeping of items in a space or place located outdoors rather than within an enclosed structure.

In addition, the language in § 20-300 of the Zoning Ordinance provides clarification as to what items may fall within outside storage. Specifically, the section identifies items that fall under the auspices of a storage yard, including construction equipment, machinery, boats, vehicles, and vehicle parts. This language clearly describes those classes of items that may then be *precluded* from outside storage when, as here, such a use is proffered out of the otherwise permissible uses of property zoned as industrial.

The law does not mandate an exhaustive list of detailed items before a fair indication of proscribed conduct is conveyed. As the Virginia Supreme Court has explained, "the root of the vagueness doctrine is a rough idea of fairness. It is not a principle designed to convert into a constitutional dilemma the practical difficulties in drawing ... statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited." *Flannery v. City of Norfolk*, 216 Va. 362, 365-66, 218 S.E.2d. 730, 733 (1979).

Thus, the constitutional requirement of definiteness does not require Fairfax County to describe in the statutory text the full extent to which its proscription on outside storage might apply. The language as it stands provides sufficient guidance for determining what sorts of items constitute outside storage.

### What Constitutes Outside Storage

Although the Court finds the meaning of "outside storage" to be plainly discernable, its practical application must be delineated. Given the wide variety of items that may be stored on property zoned as industrial, the Court will not endeavor to establish a general standard against which all conceivable items must be judged. Rather, the Court seeks only to set forth principles for determining the breadth of a restriction on outside storage in the course of evaluating the specific items presently at issue.

First, the scope of outside storage must be consistent with Fairfax County's definition of a storage yard as articulated in § 20-300 of the Zoning Ordinance. When construing an undefined term, courts must be cautious not to adopt a construction that defeats the fundamental purpose of the statute or ordinance in question. *See, e.g., Fritts v. Carolinas Cement Co.*, 262 Va. 401, 405, 551 S.E.2d 336, 339 (2001) ("The words of the ordinance are to be given their plain and natural meaning [and the] purpose and intent of the ordinance

should be considered."); *Miller v. Commonwealth*, 172 Va. 639, 648, 2 S.E.2d 343, 347 (1939) ("If its language be such that its meaning is so cloudy, obscure, and ambiguous that it is open to more than one construction, one of which would render it void or of doubtful validity, and the other is reasonable and in harmony with the Constitution and conforms to the general purpose of the statute and its associated provisions, then we must adopt such construction as sustains its validity."). The general rule of construction is to infer the legislative body's intent from the plain meaning of the term, given the context in which the term is used. *Murphy v. Norfolk Community Services Bd.*, 260 Va. 334, 339, 533 S.E.2d 922, 925 (2000).

Second, insofar as the storage yard provision denotes broad classes of items rather than specific articles of property, it is necessary to examine in some detail the types of items that may be construed to fall within one or more of the provision's categories.

Zoning laws, as all other laws, must be construed to achieve a sensible meaning, *Hoover v. Saunders*, 104 Va. 783, 785, 52 S.E. 657, 658 (1906), and courts will not adopt a construction that produces an absurd or unreasonable result. *See McFadden v. McNorton*, 193 Va. 455, 461, 69 S.E.2d 445, 449 (1952); *Miller v. Commonwealth*, 180 Va. 36, 41, 21 S.E.2d 721, 723 (1942); *Buzzard v. Commonwealth*, 134 Va. 641, 653, 114 S.E. 664, 667 (1922). The suggestion that outside storage should pertain to all things capable of being placed or situated outdoors cannot be sustained. Such an interpretation overlooks the fact that certain items, by virtue of their inherent nature or essential purpose, often occupy the outdoors as a matter of customary practice. Additionally, if weather proof, almost anything may be stored outside. Such a broad category eviscerates the proffered proscription on outside storage.

A storage yard is not a natural repository for every item that, with little effort, could be contained within an enclosed structure or otherwise could be disposed of in a prudent fashion; rather, it is a precise *use* conferred by the County upon property owners who have met the necessary zoning requirements. As such, its strictures require that property owners exercise discretion when storing items on the land, and that such discretion be measured against objective standards of reasonableness.

Applying these general principles to the items at issue here, the Court draws the following conclusions:

First, operable automobiles, pick-up trucks, dump trucks, and related vehicles licensed for roadway use do not constitute outside storage. Distinguishable from other types of vehicles, vehicles licensed for roadway

use are typically stored outside as a matter of general community practice. An absolute rule inhibiting their outdoor presence would produce the unreasonable result of forcing property owners to place all vehicles within an enclosed structure at all times without regard to the various and important distinctions between them. For example, an automobile is not the same as a bulldozer, and the two items should not merge into one merely because, in the abstract, they both fit within a broad and encompassing category called "vehicles." The two items are distinct enough that the outside storage of an automobile is far less likely to insult the sensibilities of the surrounding community than the outside storage of a bulldozer.

Second, the placement of tractor trailers outside does not violate a proffered restriction on outside storage. Requiring tractor trailers to be stored inside imposes too rigid a rule upon the property owner. Indeed, the reasonableness of storing such items inside is outweighed by the substantial burden imposed upon the property owner, especially when the item is something that may be placed outside normally without offending the reasonable expectations of the community. Barring extenuating circumstances or a statutory provision stating otherwise, the Court finds the outside storage of tractor trailers to be a reasonable practice unaffected by a proffered condition limiting the use of property to inside storage.

With respect to movable pieces of equipment, tangible materials, junk items, and general debris, nothing about the inherent composition of these articles warrants their storage outside. On the contrary, both common sense and general community practice dictate that such items are not typically stored outside, but instead amount to disorderly clutter that flouts reasonable expectations regarding the upkeep and maintenance of the property. To allow such items to be placed outside in light of a proscription on outside storage is to render the proscription meaningless. *McFadden*, 193 Va. at 461, 69 S.E.2d at 449 (1952).

The Walkers argue that they did not intend to restrict the use of their property so that certain types of construction equipment, for example, bulldozers, bobcats, cranes, forklifts, and backhoes, would have to be stored inside.

The Court is not persuaded by this argument. There is no evidence that suggests the Walkers intended to exclude these items from the proffer. On the contrary, the record shows the Walkers represented to the Board that they would not store items outside. No statements were made at the hearing before the Board indicating the Walkers intended to narrow or limit their proffer to

exclude construction equipment, nor does the language of the proffer support such a contention.

Furthermore, the language of the storage yard provision expressly denotes construction equipment as items that may be stored on one's property. A proffer that restricts the outside storage of such items may reasonably be read to apply to construction equipment. Any other conclusion would reduce the proffer to an insignificant, if not entirely hollow, exercise. Thus, the Court finds the Walkers' proffer was intended to coincide with the statutory language of the storage yard provision, such that construction equipment would be subject to a restriction on outside storage.

Unlike the meaning of "vehicle" in Fairfax County's definition of a storage yard, the meaning of "construction equipment" is not so sweeping as to improperly encompass items normally placed outside. The Court finds no conflict in requiring construction equipment to be stored inside, nor is the basic structure of construction equipment so awkward as to preclude the inside storage of such items. Again, barring extenuating circumstances, the keeping of construction equipment outside in the face of a restriction on outside storage plainly violates the express language of the storage yard provision.

*Conclusion*

The Court finds that the term "outside storage" is not unconstitutionally vague and that the plain meaning of "outside storage," read in conjunction with its surrounding language, includes construction equipment, machinery, inoperable vehicles or parts thereof, boats, and/or farm machinery. However, it does not include items whose outdoor placement is acceptable community practice, or whose inherent structure makes inside storage overly burdensome to the property owner.

Given these guidelines, the Court makes the following determinations with respect to the specific items being stored outside on the Walkers' property:

1. Operable vehicles licensed for roadway use, such as automobiles, pick up trucks, and dump trucks, and tractor trailers may be stored outdoors without contravening a restriction on outside storage, provided they are lodged in approved parking spaces designated on the General Development Plan for the property;

2. Inoperable vehicles, vehicle parts, farm machinery, industrial machinery, and construction equipment, including bobcats, forklifts, backhoes, and similar items, fall squarely within the confines of outside storage as reflected

in the definition of a storage yard. As a result, the outdoor keeping of such items may not occur on any property where outside storage is proscribed. Instead, such items must be stored in an enclosed building in accordance with appropriate safety standards;

3. Inventory materials, portable equipment, inoperable vehicles, snowplows and similar pieces of equipment, propane tanks, junk items, and general debris must be stored in an enclosed building in accordance with appropriate safety standards on property where outside storage is proscribed.

## Order

This matter came before the Court on April 30, 2003, for trial upon the Bill of Complaint for Declaratory Judgment and Injunctive Relief filed by the Complainant Jane W. Gwinn, Fairfax County Zoning Administrator, against Respondents Jimmie K. and Margie L. Walker. On April 30, 2003, the Court entered an Order resolving all issues, except that of the question of what constitutes outside storage with respect to certain items on the subject property. For the reasons stated in this Court's opinion letter dated July 22, 2003, which is attached hereto and made a part hereof, the Complainant's Bill of Complaint for Declaratory Judgment and Injunctive Relief is granted.