COURT OF APPEALS OF VIRGINIA

Present:   Judges Bumgardner, Humphreys and Senior Judge Hodges
Argued at Richmond, Virginia


DOUGLAS W. STYLES, JR.

                                                            OPINION BY
v.       Record No. 0803-03-2                  JUDGE WILLIAM H. HODGES
                                                            AUGUST 10, 2004
CITY OF COLONIAL HEIGHTS


FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
Michael C. Allen, Judge

Tim Schulte (Harris D. Butler; Butler, Williams & Skilling, P.C., on
briefs), for appellant.

David P. Corrigan (Joseph Robinson; Harman, Claytor, Corrigan &
Wellman, on brief), for appellee.


Douglas W. Styles, Jr. appeals from the November 25, 2003 circuit court order denying his

petition for enforcement of a grievance hearing decision by the Personnel Board for the City of

Colonial Heights (the City).  On appeal, Styles contends (1) "the procedural violations by [the City]

are a sufficient basis to reinstate [him] to his former position," (2) "the decision of the Personnel

Board is final and binding on the City," and (3) "the City Manager's determination is appealable."

The City asserts this case "must be dismissed because it is not an appeal from a final order" and that

"this Court does not have jurisdiction over an appeal from a determination made under [] Code

§ 15.2-1507."  For the reasons that follow, we agree this Court does not have jurisdiction over this

matter and, therefore, dismiss the appeal.

Background

Styles was a police officer employed by the City.  On November 17, 2002, Styles fell asleep

while on duty in his marked police vehicle.  On December 5, 2002, he was terminated from his job.

Styles challenged his termination by filing a grievance with the City. On March 17, 2003, a three member panel of the City's Personnel Board conducted a hearing on his grievance. On March 31, 2003, the panel decided to reinstate Styles. On April 10, 2003, the City Manager notified Styles that the Board's decision was inconsistent with the law and City policies and, accordingly, the City would not reinstate Styles. Styles appealed the City Manager's decision to the circuit court. The circuit court noted that, under Code § 15.2-1507, the City Manager is empowered to make the final decision whether the relief granted by a grievance panel is consistent with the City's written policy and concluded that the City Manager's decision was therefore "not appealable." From that decision, Styles appeals to this Court.

## Analysis

In pertinent part, Code § 17.1-405 provides:

> Any aggrieved party may appeal to the Court of Appeals from:
>
> 1. Any final decision of a circuit court on appeal from (i) a decision of an administrative agency, or (ii) a grievance hearing decision issued pursuant to § 2.2-3005;
>
>     \*      \*      \*      \*      \*      \*      \*
>
> 3. Any final judgment, order, or decree of a circuit court involving:
>
>     \*      \*      \*      \*      \*      \*      \*
>
> h. A final grievance hearing decision issued pursuant to subsection B of § 2.2-3007.

Code § 2.2-3000, *et seq.*, set forth the State Grievance Procedure, "a system for handling state employee complaints arising in the workplace . . . ." Pound v. Dept. of Game and Inland Fisheries, 40 Va. App. 59, 64, 577 S.E.2d 533, 535 (2003). Grievance hearing decisions appealable to this Court arise only under the State Grievance Procedure.

"The General Assembly also requires every city with over fifteen employees to provide all of its non-probationary employees, with certain listed exceptions, access to an employee grievance procedure." City of Virginia Beach v. Hay, 258 Va. 217, 220, 518 S.E.2d 314, 315 (1999). See Code § 15.2-1506. "Under Code § 15.2-1507, grievance procedures adopted by a local governing body must include certain components of the state grievance procedure." Murphy v. Norfolk Community Services Board, 260 Va. 334, 339, 533 S.E.2d 922, 924 (2000). Although Code § 15.2-1507 requires grievance procedures established by localities to be "consistent with the provisions of Chapter 10 (§ 2.2-1000 et seq.) of Title 2.2," the locality procedures are distinct from the state procedures and arise under a separate statutory structure. A decision rendered under the locality procedure simply is not a "decision issued pursuant to § 2.2-3005" or a "final grievance hearing decision issued pursuant to subsection B of § 2.2-3007." Code § 17.1-405.

Accordingly, while not adopting the trial court's conclusion that the City Manager's decision is "not appealable," we determine only that this Court does not have jurisdiction over this matter and we dismiss Styles' appeal.

Dismissed.