# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Thomasine Crawley-Evans

v.

Charlottesville Redevelopment
and Housing Authority

August 7, 2007

Case No. 05-200

BY JUDGE EDWARD L. HOGSHIRE

Grievant, Ms. Thomasine Crawley-Evans, has filed an appeal, pursuant to Va. Code Ann. § 15.2-1507, of the decision of a Grievance Panel (Panel) to uphold the decision of Respondent, the Charlottesville Redevelopment and Housing Authority (CRHA), to terminate her employment. Grievant alleges that the Panel failed to comply with substantial procedural requirements in upholding the decision to terminate her. Va. Code Ann. §§ 15.2-1507(A)(7)(a), 15.2-1507(A)(10)(a)(2) (2003). Respondent has filed a Motion to Dismiss the appeal for want of jurisdiction, insisting that the Panel substantially complied with the CRHA Personnel Policy (Personnel Policy),[1] upholding the termination of Grievant. After considering the memoranda of the parties and having conducted a hearing *ore tenus* on June 25, 2007, the Court finds as follows.

---

[1] Charlottesville Redevelopment and Housing Authority, Personnel Policy (1987).

*Findings of Fact*

CRHA employed Grievant for approximately one year from November 3, 2003, until November 17, 2004. On October 27, 2004, CRHA suspended Grievant for five days without pay for unsatisfactory work and insubordination. On November 17, 2004, CRHA terminated Grievant from her employment for her failure to perform several of her duties and obligations as a housing manager. In July of 2005, pursuant to CRHA's grievance procedure, Grievant had a three-day hearing before a duly-constituted panel on her five-day suspension and the termination of her employment. Personnel Policy § 17.8. On August 12, 2005, the Panel upheld CRHA's termination of Grievant, citing the suspension and termination of Grievant in its decision. On August 19, 2005, Grievant challenged the Panel's decision pursuant to the grievance procedure. *Id.* § 17.16. On August 29, 2005, the CRHA Executive Director requested that the Panel address the concerns in Grievant's challenge and provide clarification as to Grievant's suspension. *Id.* § 17.16(b). On October 28, 2005, the Panel properly elected to review the decision by a majority vote. *Id.* § 17.16(a). This October 28, 2005, panel decision expressly upheld Grievant's five-day suspension of October 27, 2004. On November 4, 2005, Grievant filed a second challenge to the Panel's decision. On November 8, 2005, the CRHA Executive Director found the proceedings of the Panel and the two panel decisions to be consistent with CRHA policies and, thus, upheld them. Grievant filed an amended Notice of Appeal on November 28, 2005, seeking review of her grievance.

*Conclusions of Law*

The Personnel Policy is authorized pursuant to the Code provisions for local government employees. Va. Code Ann. §§ 15.2-1506, 15.2-1507. CRHA is a local government entity created by referendum and certification by the Charlottesville City Council.

A local government grievance procedure, and specifically the Personnel Policy, need not be identical or strictly in accordance with the State Grievance Procedure. *Styles v. City of Colonial Heights*, 43 Va. App. 588, 600 S.E.2d 174, 175 (2004). In addition, CRHA is not subject to the State Grievance Procedure. Va. Code Ann. § 2.2-3000 (2005). Although grievance-hearing decisions are grievable under the State Grievance Procedure, the Code expressly exempts local government employees. *Id.* § 2.2-3002. In addition, the Virginia Personnel Act expressly exempts local government employees. Virginia Personnel Act, Va. Code Ann. § 2.2-2905(12) (2005).

While the Code also limits circuit court review of local grievance procedures, courts can review compliance issues. *Id.* § 15.2-1507(A)(7)(b). However, the Executive Director's holding that the Panel's decision was consistent with the Personnel Policy is not an issue of compliance granting the Court judicial review.

Contrary to Grievant's claim, the Panel complied with all "substantial procedural requirements" of the grievance procedure. *Murphy v. Norfolk Comty. Servs. Bd.,* 260 Va. 334, 339, 533 S.E.2d 922, 925 (2000). "Substantial procedural requirements" are "requirements that are so essential to the grievance procedure that the uncorrected failure to comply with them will prevent a grievance from being heard and necessarily result in a decision in favor of the opposing party." *Id.* at 340. In the case at bar, Grievant had a three-day panel hearing, fully consistent with CRHA's grievance procedure.

The Panel elected to address Grievant's August 19, 2005, challenge to its prior decision and again upheld the suspension of Grievant. Although panelist Sheila Bowles declined to participate in the review, the Panel agreed to address Grievant's challenge with the requisite majority vote. Personnel Policy § 17.16(a). Grievant argues that Va. Code Ann. § 15.2-1507(A)(10)(a)(2) requires a three-member deliberation to constitute a binding panel decision; however, § 15.2-1507(A)(10)(a)(2) only requires a three-member panel for the initial grievance hearing. Otherwise, § 15.2-1507 is silent as to the number of panel members required for a review requested by the Chief Administrative Officer.

As the Chief Administrative Officer, the CRHA Executive Director lawfully determined that the two-member panel's final decision was consistent with the Personnel Policy. Va. Code. Ann. § 15.2-1507(A)(10)(a)(7). Therefore, because the Panel's hearing is the final step in the grievance process, this Court does not have jurisdiction over Grievant's appeal. *Id.* § 15.2-1507(A)(10)(a)(6).

For the foregoing reasons, the appeal is hereby dismissed.